IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION


UNITED STATES OF AMERICA, )
                          )
          PLAINTIFF,      )
                          )
     -VERSUS-             )    3:19-CR-00302
                          )    MARCH 22, 2021
KENYADA JAQU,            )    COLUMBIA, SC
                          )
          DEFENDANT.     )
_____)


BEFORE THE HONORABLE J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE, PRESIDING
MOTION HEARING


A P P E A R A N C E S:


FOR THE GOVERNMENT:     JASON PEAVY, AUSA
                        UNITED STATES ATTORNEY'S OFFICE
                        1441 MAIN STREET, SUITE 500
                        COLUMBIA, SC  29201

FOR THE DEFENDANT:      CONNIE BREEDEN, ESQ.
                        CONNIE BREEDEN LAW OFFICE
                        PO BOX 4475
                        COLUMBIA, SC  29240

COURT REPORTER:         KATHLEEN RICHARDSON, RMR, CRR
                        UNITED STATES COURT REPORTER
                        901 RICHLAND STREET
                        COLUMBIA, SC 29201


STENOTYPE/COMPUTER-AIDED TRANSCRIPTION

*** *** *** ***

THE COURT: WE ARE HERE ON THE MOTION REGARDING MR. JAQU, AND SO LET'S GO AHEAD AND PROCEED.

MR. PEAVY: MORNING, YOUR HONOR. MAY IT PLEASE THE COURT. CASE NUMBER 3:19-CR-302. YOUR HONOR, THE DEFENDANT RECENTLY FILED A MOTION FOR STATUS OF COUNSEL, AND THE DEFENDANT ON A PRO SE BASIS FILED TWO ADDITIONAL FILINGS, DOCKET ENTRY 248 AND 251.

I BELIEVE THE TEXT NOTICE FOR THE HEARING WAS ONLY FOR MS. BREEDEN'S MOTION, 249.

THE GOVERNMENT OBVIOUSLY TAKES NO POSITION ON THE STATUS OF THEIR ATTORNEY-CLIENT RELATIONSHIP, AND WE CAN STEP OUT AT THE APPROPRIATE TIME.

THE COURT: SURE. THAT'S FINE. AND SO JUST SO THAT IT'S CLEAR THAT WE'LL DEAL WITH ALL THE MOTIONS AT ISSUE TODAY.

MR. PEAVY: YES, MA'AM.

THE COURT: OKAY. ALL RIGHT. SO YOU CAN STEP OUT AND THEN WE'LL CALL YOU BACK IN.

MR. PEAVY: YES, MA'AM.

THE COURT: THANK YOU SO MUCH.

(WHEREUPON, A SEALED HEARING WAS CONDUCTED THAT IS NOT INCLUDED HEREIN.)

(MR. PEAVY, DISTRICT ATTORNEY, ENTERED THE COURTROOM.)

THE COURT: ALL RIGHT. JUST SO YOU'LL KNOW, MR. PEAVY, YOU ALREADY ARE AWARE OF THE MOTION THAT HAS BEEN

FILED BY MR. JAQU WITH RESPECT TO STATUS OF COUNSEL, AND THEN MR. JAQU WISHES TO PROCEED ON HIS OWN.

I JUST EXPLAINED TO HIM, YOU KNOW, THE RISK OF DOING SO BUT THEN ALSO CHECKED WITH HIM TO GET ON THE RECORD HIS EDUCATION BACKGROUND, ET CETERA.  ALSO SPOKE WITH MS. BREEDEN ABOUT WHETHER OR NOT SHE SAW ANYTHING THAT MADE HIM APPEAR INCOHERENT, ANY BELIEF OF INCOMPETENCY, AND ASKED PROBATION OFFICER THE SAME.  NEITHER OF THEM FELT THAT THAT WAS THE CASE.

DO YOU HAVE ANY POSITION OR CONCERN ABOUT THAT TO THE EXTENT I WOULD -- WERE TO GRANT HIS REQUEST?

*MR. PEAVY:*  YOUR HONOR, I WOULD RELY ON THE COURT'S DISCRETION AND REPRESENTATIONS OF MS. BREEDEN AND UNITED STATES PROBATION REGARDING DEFENDANT'S COMPETENCY.

*THE COURT:*  OKAY.

*MR. PEAVY:*  I INDEPENDENTLY DO NOT HAVE ANY INFORMATION REGARDING HIS COMPETENCY.

*THE COURT:*  OKAY.  AND THEN--

*MR. PEAVY:*  I OBVIOUSLY THINK MS. BREEDEN -- IT'S ALWAYS BETTER TO HAVE AN ATTORNEY.

*THE COURT:*  THAT'S OKAY.  BUT I'M JUST -- AND COMPETENCY WAS JUST ONE OF THE ISSUES.

YOU DIDN'T SEE ANYTHING ELSE WITH RESPECT TO JUST HIM BEING INCOHERENT OR NO INABILITY TO COMMUNICATE, YOU KNOW, WITH RESPECT TO ANY INTERACTIONS AS FAR AS YOU KNOW?

*MR. PEAVY:* NO, YOUR HONOR.

*THE COURT:* OKAY. THAT'S FINE. AND THEN WE ALSO -- I'LL HAVE TO MAKE A DECISION ABOUT WHETHER OR NOT TO APPOINT STANDBY COUNSEL. THE ONLY THING THAT'S OUTSTANDING ARE THE ACTUAL SENTENCING REPORT, WHICH I'VE ADVISED PROBATION TO GO AHEAD AND GIVE A COPY OF BECAUSE THE GOVERNMENT WOULD HAVE TO HAVE THAT TO HAVE THE OPPORTUNITY TO RESPOND TO OBJECTIONS AS WELL.

AND THEN IF MR. JAQU IS ALLOWED TO PROCEED ON HIS OWN, HE WOULD EVENTUALLY GET A COPY, AND THEN THERE WOULD BE A PERIOD BY WHICH HE COULD ADD OTHER THINGS THAT HE'D LIKE TO BE BROUGHT TO THE COURT'S ATTENTION. BUT I WILL JUST ISSUE A FORMAL ORDER ON THAT, YOU KNOW, THE WHOLE ISSUE.

ONE THING I DID EXPLAIN TO HIM, THOUGH, BECAUSE IF HE HAD STANDBY COUNSEL, THEY HAVE TO BE LICENSED BY THE SOUTH CAROLINA SUPREME COURT. THEY ALSO HAVE TO BE CERTIFIED TO EVEN PRACTICE IN THIS COURT.

SO I WANTED TO MAKE SURE OF THAT BECAUSE I'M AWARE THAT YOU CAN HAVE PEOPLE ADVISING YOU BUT THEY DON'T GET TO FILE ANYTHING ON YOUR BEHALF BECAUSE YOU ARE THE PERSON WHO IS BEFORE THE COURT AND THAT INCLUDES ANYBODY WHO IS MAYBE EDUCATED, MAYBE EVEN DEGREED, YOU STILL HAVE TO MEET THE REQUIREMENTS OF THE SOUTH CAROLINA BAR AS WELL AS THE FEDERAL COURT.

*MR. PEAVY:* YES, YOUR HONOR.

THE COURT: OKAY. ALL RIGHT. SO THAT CONCLUDES THE PROCEEDING THEN. AND THEN WE'LL JUST ISSUE THE FORMAL ORDER AND GET BACK WITH YOU ALL.

MR. PEAVY: THANK YOU, JUDGE.

THE COURT: THANK YOU ALL.

(HEARING CONCLUDED.)

* * *

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.


S/KATHLEEN RICHARDSON

_____    MARCH 16, 2022

KATHLEEN RICHARDSON, RMR, CRR